UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEHAN ZEB MIR, MD,

            Plaintiff,

           -against-

HOWARD ZUCKER, MD, Current Commissioner, N.Y. Department of Health, in individual & official capacity, et al.,

           Defendants.

1:19-CV-6374 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff Jehan Zeb Mir, of Redondo Beach, California, brings this *pro se* action in which he asserts claims 42 U.S.C. § 1981, § 1983, § 1985, and § 1986.[1] He also asserts claims under state law.[2] He seeks damages and injunctive relief. For the reasons discussed below, the Court dismisses this action but grants Plaintiff leave to replead.

**STANDARD OF REVIEW**

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the relevant fees, if it determines that the action is frivolous, *see Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000), or that the Court lacks subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Courts can also dismiss a complaint, or portion thereof, for failure to state a claim on which relief may be granted after giving the plaintiff notice and an opportunity to be heard.

---

[1] Plaintiff has paid the relevant fees to bring this action.

[2] Plaintiff asserts state-law claims under the Court's diversity jurisdiction. But because Plaintiff, a citizen of California, sues other citizens of California, the parties are not diverse. *See* 28 U.S.C. § 1332(a)(1). The Court therefore understands Plaintiff's state-law claims as brought under the Court's supplemental jurisdiction. *See* 28 U.S.C. § 1367(a).

*Wachtler v. Cnty. of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994). The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

**BACKGROUND**

Plaintiff is a medical doctor whose California and New York medical licenses have been revoked. He previously brought two *pro se* actions in this Court against California and New York officials arising from the revocation of his medical licenses. In the present action, Plaintiff asserts similar claims and names among the defendants individuals (or their successors) named as defendants in his previous actions.

**A.**     ***Mir v. Shah*, 1:11-CV-5211 ("*Mir I*")**

In 2011, Plaintiff brought a *pro se* action in this Court asserting claims under 42 U.S.C. § 1983 against then-Commissioner of the New York State Department of Health, Nirav R. Shah, and the New York State Board for Professional Medical Conduct ("Board"). He asserted that in an administrative proceeding that began in 2006 for the purpose of deciding whether to revoke his New York medical license, the defendants deprived him of due process of law and equal protection under the law. He also challenged the constitutionality of N.Y. Pub. Health Law § 230(10)(p),[3] claiming that it denies due process of law.

On August 8, 2012, Judge Barbara S. Jones granted the defendants' motion to dismiss Plaintiff's claims. *See Mir v. Shah*, No. 11-CV-5211, 2012 WL 3229308 (S.D.N.Y. Aug. 8,

---

[3] This New York statute allows New York officials to conduct disciplinary proceedings for health-care professionals who are licensed in New York and who have been found by another State to have committed, among other transgressions, professional misconduct.

2012).[4] In that action, Plaintiff asked Judge Jones to (1) enjoin enforcement of a 2008 agreement in which Plaintiff agreed to not practice medicine in New York while a New York medical disciplinary proceeding against him was pending, (2) enjoin the defendants from carrying out a proceeding against Plaintiff under N.Y. Pub. Health Law § 230(10)(p), and (3) find § 230(10)(p) unconstitutional. Judge Jones dismissed Plaintiff's claims under the *Younger* abstention doctrine because, at that time, a § 230(10)(p) proceeding was pending against Plaintiff, and because that type of proceeding "provide medical professionals with the due process guaranteed by the Fourteenth Amendment." *Id.* at *2-5.

On December 4, 2012, Judge Jones denied Plaintiff's motion for reconsideration. *See Mir v. Shah*, No. 11-CV-5211, 2012 WL 6097770 (S.D.N.Y. Dec. 4, 2012). Plaintiff appealed. On June 17, 2014, the United States Court of Appeals for the Second Circuit affirmed the judgment and the denial of reconsideration. *See Mir v. Shah*, 569 F. App'x 48 (2d Cir. 2014) (summary order).

**B.**     ***Mir v. Bogan*, 1:13-CV-9172 ("*Mir II*")**

After his California and New York medical licenses had been revoked, Plaintiff brought another *pro se* action in this Court. In *Mir II,* he sued, in their individual capacities, those "individuals who are responsible for conducting disciplinary proceedings involving licensed medical professionals in New York and California . . . seeking money damages for claims arising out of the revocation of his license to practice medicine in New York" on or about December 27,

---

[4] The *Mir I* defendants brought their motion to dismiss under Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure. *Mir*, 1:15-CV-5211, 17, 19. Judge Jones dismissed *Mir I* under Rule 12(b)(6). *See Mir*, 2012 WL 3229308, at *2.

2012.[5] *Mir v. Bogan*, No. 13-CV-9172, 2015 WL 1408891, at *1 (S.D.N.Y. Mar. 26, 2015). On March 26, 2015, Judge Paul G. Gardephe granted the defendants' motions to dismiss.[6] *Id.*

Judge Gardephe noted that "[a]lthough the revocation of Mir's license in New York was predicated on the revocation of his medical license in California, the proceedings in California [were] not the subject of" the action before Judge Gardephe. *Id.* at *1. Judge Gardephe dismissed Plaintiff's claims against those defendants who were responsible for conducting Plaintiff's New York medical disciplinary proceeding because, under the doctrine of absolute immunity, those defendants were immune from suit for damages. *See id.* at *10-18; *Ackerman v. State Bd. for Prof'l Med. Conduct*, No. 83-CV-7871, 1984 WL 1258, at *2 (S.D.N.Y. 1984) ("[A]dministrative adjudicatory proceedings are 'functionally comparable to that of a judge.' Thus, absolute immunity was necessary to assure that the participants in the proceedings could 'perform their respective functions without harassment or intimidation.'" (quoting *Butz v. Economou*, 438 U.S. 478, 512-13 (1978))). Judge Gardephe also held that because "the California Defendants played no role in the New York license proceedings, they are not entitled to absolute immunity." *Mir II*, 2015 WL 1408891, at *18. But he dismissed Plaintiff's claims against them for failure to state a claim on which relief may be granted. *Id.* at *18-20.

Plaintiff appealed. On August 24, 2016, the Second Circuit affirmed the judgment. *See Mir v. Bogan*, 668 F. App'x 368 (2d Cir. 2016) (summary order).

---

[5] Plaintiff filed his original complaint in *Mir II* on December 26, 2013, and his amended complaint in that action on April 21, 2014, after his New York medical license had been revoked on or about December 27, 2012, following the previous revocation of his California medical license.

[6] Some of the *Mir II* defendants bought their motion to dismiss under Rule 12(b)(2) and (5). *Mir II*, 1:13-CV-9172, 30. Others brought their motion under Rule 12(b)(6), *id.* at 37, while still others brought their motion under Rule 12(b)(2) and (6), *id.* at 39. Judge Gardephe dismissed *Mir II* under Rule 12(b)(6). *See Mir*, 2015 WL 1408891, at *8-9.

## C. The present action

In the present action, Plaintiff alleges that in 2018, he became aware of information that he believes supports his contention that California and New York officials should not have revoked his California and New York medical licenses. (*See* ECF 1, pp. 6-7, 10-11, 108-10, 118.) He sues the current Commissioner of the New York State Department of Health and other current and former New York officials who either prosecuted him in the previously challenged New York medical disciplinary proceeding, presided over that proceeding, revoked his New York medical license in or about January 2013, enforced its revocation, or who have the authority to reinstate it ("New York Defendants").[7] He also sues current and former members of the relevant California state government entity who either prosecuted him in his California medical disciplinary proceedings, presided over those proceedings, revoked his California medical license in or about August 2012, enforced its revocation, reported the revocation to New York officials, or who have the authority to reinstate his California medical license, as well as individuals who provided evidence during those proceedings, his former supervisors at the California hospitals where he was employed before his California medical license was revoked, another physician employed at one of those hospitals, and the hospitals themselves ("California Defendants"). He sues the individual defendants in their official and individual capacities.

Plaintiff makes the following allegations: In depositions held on July 16, 2016, and August 30, 2016, Linda K. Whitney, M.D., and Kimberly Kirchmeyer, M.D. – former Executive

---

[7] Among these defendants, Plaintiff sues Linda Skidmore Daines, who he describes as the "Personal Representative of [the] Estate of deceased husband Past Commissioner Richard F. Daines, MD." (ECF 1, p. 14.) Plaintiff alleges that Dr. Richard Daines "enforced [an] [o]rder against [Plaintiff] [n]ot to [p]ractice in N.Y. without [Plaintiff's] having committed any medical misconduct in State of N.Y." (*Id.*) He also alleges that Dr. Richard Daines "continued to keep [him] out of practice and continued to prosecute nonexistent referral [c]harges" against him even though, at one point, California officials reinstated his California medical license. (*Id.*)

5

Directors of the California Medical Board (and both *Mir II* defendants) – admitted "that documentation findings inserted into [a] 2006 [d]ecision were not supported by any [c]harges in the" administrative accusatory documents filed against Plaintiff in his California medical disciplinary proceedings. (*Id.* pp. 108-09.) In another deposition held on August 29, 2016, Sharon Levine, M.D. – a former President of the California Medical Board (and another *Mir II* defendant) – admitted that Plaintiff had "made the correct diagnosis." (*Id.* p. 11.) And in still another deposition held on December 16, 2016, Joshua Bardin, M.D., who had previously been "the sole accuser of [the] charge of misdiagnosis against Plaintiff[,] admitted that his charge . . . was ***entirely*** based on reading of the arteriograms done before surgery[,] which he had not seen when he wrote his accusatory report of consultation." (*Id.* pp. 10-11) (emphasis in original.)

Plaintiff seeks preliminary and permanent injunctive against "the New York Defendants for taking reciprocal action based on discipline by [the] California Defendants who have admitted such discipline to be without merit and continue to deny reinstatement of [Plaintiff's] New York medical license." (*Id.* p. 11.) He also asks the Court for "prospective injunctive relief against [the] California Defendants on the same grounds, against continuing to disseminate false information about [Plaintiff], as they did to [New York officials] . . . ." (*Id.*) He further asks the Court to "permanently restrain[] and enjoin[] [the] defendants from imposing any disciplinary action against Plaintiff [that includes] any [p]rospective [e]nforcement of [o]rders of revocation by California and New York State." (*Id.* p. 123.) Moreover, Plaintiff asks the Court to direct the appropriate defendants to reinstate his California and New York medical licenses and to expunge his California and New York medical disciplinary records. (*Id.*) He also seeks damages and attorney's fees. (*See id.* pp. 123-24.)

## DISCUSSION

A.  **Federal claims against the New York Defendants**

The Court must dismiss Plaintiff's federal claims against those New York officials who either prosecuted Plaintiff in his New York medical disciplinary proceeding, presided over that proceeding, revoked his New York medical license in or about January 2013, or enforced that revocation ("New York Defendants").[8]

The doctrine of issue preclusion, also known as collateral estoppel, bars the relitigation of a legal or factual issue decided in a previous action if "(1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and actually decided, (3) there was [a] full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits." *Grieve v. Tamerin*, 269 F.3d 149, 153 (2d Cir. 2001) (internal quotation marks and citations omitted, alteration in original); *see Tracy v. Freshwater*, 623 F.3d 90, 99 (2d Cir. 2010) ("Collateral estoppel precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party.") (internal quotation marks and citations omitted). "The doctrine of *issue preclusion* . . . 'bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the

---

[8] These defendants include: Howard Zucker, M.D.; George Autz; Roseanne C. Berger; Lawrence J. Epstein; Marian Goldstein; Martha Grayson; Elizabeth Beson-Guthrie; Martghmarthakristin E. Harkin; Sumathi Kasinathan; Robert G. Lerner; Kathleen S. Lill, PA; Joann Marino; Lynn Gladys Mark, DO; Louis J. Papa; Maria Plummer; Swaminathan Rajan; Ramanathan Raju; Sumir Sahgal; Arash Salemi; Nancy Sapio; Alexander Schwartzman; Neeta Minal Shah; Rahul Sharma; Mushtaq A. Sheikh; Amit M. Shelat; Greg Shutts, PA; Robert R. Walther; Nirav R. Shah, M.D.; Linda Skidmore Daines; Robert Bogan ; Peter D. Van Buren; Kendrick A. Sears, M.D.; Lyon Greenberg, M.D.; Ralph Liebling, M.D.; and Deborah Whitfield, Ph. D. Shah, Daines, Bogan, Van Buren, Sears, Greenberg, Liebling, and Whitfield were all *Mir II* defendants. Shah was also a *Mir I* defendant.

prior judgment, even if the issue recurs in the context of a different claim.'" *Marcel Fashions Grp., Inc. v. Lucky Brand Dungarees, Inc.*, 779 F.3d 102, 108 (2d Cir. 2015) (citation omitted).

Although issue preclusion is an affirmative defense that must be pleaded in a defendant's answer, *see* Fed. R. Civ. P. 8(c)(1), the Court may raise it on its own initiative, *see Curry v. City of Syracuse*, 316 F.3d 324, 331 (2d Cir. 2003) ("[W]e have previously upheld a district court's dismissal of a case on collateral estoppel grounds even where collateral estoppel was not raised as an affirmative defense in the answer, but was raised by the district court *sua sponte,* without permitting the party against which it was asserted an opportunity to argue the issue.").

The present action presents one of the same issues that Judge Gardephe decided in *Mir II* – whether the New York Defendants are immune from suit for any claims for damages arising from their actions in Plaintiff's New York medical disciplinary proceedings. All of the requirements for the application of issue preclusion are present. First, the issues in this action and in *Mir II* are identical. This action, like *Mir II*, arises out of the New York Defendants' revocation of Plaintiff's New York medical license on or about December 27, 2012 or in January 2013. Second, the issue as to whether those defendants are immune from suit has actually been litigated and decided. *See Mir II*, 2015 WL 1408891, at *10-18. Third, Plaintiff had a full and fair opportunity to litigate this issue. *See id.* at *7-8 (*Mir II* procedural history); *see also Mir v. Bogan*, 668 F. App'x 368 (2d Cir. 2016) (summary order) (affirming Judge Gardephe's dismissal of *Mir II*). The fourth element, as it is often formulated, requires that "the issue previously litigated was necessary to support a valid and final judgment on the merits." *Grieve*, 269 F.3d at 153 (2d Cir. 2001). Of course, dismissal on the basis of absolute immunity does not constitute an adjudication on the merits of the underlying claims. It is, however, an adjudication on the merits of the issue, the determination of which is essential to the previous judgment. *See New*

*Hampshire v. Maine*, 532 U.S. 742, 748-49 (2001) ("Issue preclusion generally refers to the effect of a prior judgment in foreclosing successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, whether or not the issue arises on the same or a different claim.").

It is well established that principles of issue preclusion apply to threshold determinations such as subject-matter jurisdiction, *see, e.g.*, *Stone v. Williams*, 970 F.2d 1043, 1057 (2d Cir. 1992), ripeness, *see Park Lake Res. Ltd. Liab. Co. v. United States Dep't of Agric.*, 378 F.3d 1132, 1136-38 (10th Cir. 2004), exhaustion of administrative remedies, *see Hill v. Potter*, 352 F. 3d 1142, 1146-47 (7th Cir. 2003), venue, *see Baris v. Suplicio Lines, Inc.*, 74 F.3d 567, 571 (5th Cir. 1996), *aff'd en banc*, 101 F.3d 367 (5th Cir. 1996), or the failure to join necessary parties, *id*. This list is not exhaustive. *See Am. Sur. Co. v. Baldwin*, 287 U.S. 156, 166 (1932) ("The principles of [preclusion] apply to questions of jurisdiction as well as to *other issues*.") (emphasis added)). And courts have given preclusive effect to absolute immunity determinations in various contexts. *See Wang v. Miller*, 356 F. App'x 516, 517 (2d Cir. 2009) (summary order) (absolute immunity of Assistant New York State Attorney General for his or her actions in civil litigation); *Gupta v. Thai Airways Int'l, Ltd.*, 487 F.3d 759, 765-67 n.9 (9th Cir. 2007) (absolute foreign sovereign immunity); *Rabin v. United States*, 210 F.3d 355 (2d Cir. 2000) (unpublished decision) (absolute sovereign immunity of the United States). The Second Circuit has even given preclusive effect to a state-court's previous granting of summary judgment to a police detective "on the dubious ground that" he was entitled to "quasi-judicial immunity." *Conway v. Vill. of Mt. Kisco*, 750 F.2d 205, 213 (2d Cir. 1984).

Accordingly, Judge Gardephe's previous determination in *Mir II* that the New York Defendants (or their predecessors) are immune from suit for damages was an adjudication on the

merits of that issue for the purpose of applying the doctrine of issue preclusion. The Court therefore dismisses Plaintiff's federal claims against the New York Defendants under the doctrine of issue preclusion for failure to state a claim on which relief may be granted.[9]

**B.     Federal claims against the California Defendants (and their successors) from *Mir II***

The Court must also dismiss, under the doctrine of claim preclusion, Plaintiff's federal claims against those California Defendants who were sued in *Mir II* (and their successors) who are current and former members of the relevant California state government entity and who were either involved in the medical disciplinary proceedings that resulted in the revocation of Plaintiff's California medical license, enforced that decision, reported the revocation to New

---

[9] Even if issue preclusion did not prevent Plaintiff from proceeding with his federal claims against the New York Defendants, the Court would still dismiss those claims because the New York Defendants are immune from suit in their individual capacities under the doctrine of absolute judicial immunity. *See Applewhite v. Briber*, 506 F.3d 181, 182 (2d Cir. 2007); *Mir II*, 2015 WL 1408891, at *10-18; *Ackerman*, 1984 WL 1258, at *2 ("The role of the State Board for Professional Medical Conduct is 'functionally comparable' to that of a judicial proceeding. The charges the Board adjudicates are every bit as weighty as those which come before courts. Immunity is therefore necessary to protect hearing examiners and prosecutors from intimidation and harassment."). This includes any federal claims for injunctive relief against these defendants in their individual capacities. *See* § 1983. They are also immune from suit for damages in their official capacities under the Eleventh Amendment. *See Anghel v. New York State Dep't of Health*, 947 F. Supp. 2d 284, 298-99 (E.D.N.Y. 2013), *aff'd*, 589 F. App'x 28 (2d Cir. 2015) (summary order).

"Section 1983 is not a means for litigating in a federal forum whether a state or local administrative decision was wrong or even whether it was arbitrary and capricious." *Blake v. Ambach*, 691 F. Supp. 651, 655 (S.D.N.Y. July 28, 1988). Plaintiff may challenge the decision to revoke his New York license in the New York State courts under N.Y.C.P.L.R. Art. 78, *see* N.Y. Pub. Health Law § 230-c(5) – a remedy both Judge Jones and Judge Gardephe discussed in their dismissals of Plaintiff's previous actions, *see Mir I*, 2012 WL 3229308, at *3; *Mir II*, 2015 WL 1408891, at *15. And if Plaintiff has become aware of new information that he believes would cause New York officials to reinstate his New York medical license, he may seek reinstatement from them. *See* N.Y. Pub. Health Law § 230(10)(q).

York officials, or who have the authority to reinstate Plaintiff's California medical license ("California medical officials").[10]

Claim preclusion, also known as *res judicata*, limits repetitious suits, establishes certainty in legal relations, and preserves judicial economy. *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000). The doctrine applies in a later litigation, if "(i) an earlier action resulted in an adjudication on the merits; (ii) that earlier action involved the same counterparty or those in privity with them; and (iii) the claim sought to be precluded was raised, or could have been raised, in that earlier action." *Marcel Fashions Grp., Inc. v. Lucky Brand Dungarees, Inc.*, 898 F. 3d 232, 237 (2d Cir. 2018), *cert. granted*, 139 S. Ct. 2777 (June 28, 2019). "A party cannot avoid the preclusive effect of *res judicata* by asserting a new theory or a different remedy." *Brown Media Corp. v. K&L Gates, LLP*, 854 F.3d 150, 157 (2d Cir. 2017) (internal quotation marks and citation omitted).

To determine if a claim could have been raised in an earlier action, courts look to whether the present claim arises out of the same transaction or series of transactions asserted in the earlier action. *See Pike v. Freeman,* 266 F.3d 78, 91 (2d Cir. 2001). And "a dismissal for failure to state a claim operates as a final judgment on the merits and thus has res judicata effects." *Garcia v. Superintendent of Great Meadow Corr. Facility*, 841 F.3d 581, 583 (2d Cir. 2016) (internal

---

[10] These defendants include: Kimberly Kirchmeyer; Linda K. Whitney; Sharon Levine, M.D.; Dev Gnana Dev, M.D.; Ronald H. Lewis; M.D, Denise Pines; Michele Anne Bholat, M.D.; Randy W. Hawkins, M.D.; Katherine Feinstein, M.D.; Brenda Sutton-Wills; Jamie Wright; Howard R. Krause, M.D; Kristine D. Lawson, J.D.; Laurie Rose Lubiano, M.D.; David Warmoth; Eserrick "T J" Watkins; Felix C Yip, M.D.; Cesar A. Aristeiguita, M.D.; Gerrie Schipske, R.N.P.; the Estate of Barbara Yaroslavsky; Steve Alexander; Stephen Richard Corday; M.D.; Shelton J. Duruisseau, Ph. D.; Mary Lynn Moran, M.D.; Gary Gitnick, M.D.; the Estate of Janet Salomonson; Ronald Wender, M.D.; Frank Vram Zerunyan, J.D.; Hedy L. Chang; Eric Esrailian, M.D.; Reginald Low, M.D.; Mary Agnes Veronica Matyszewski; Kenneth B. Deck, M.D. Kirchmeyer, Whitney, Levine, and Matyszewski were all *Mir II* defendants.

11

quotation marks and citation omitted). Claim preclusion is also an affirmative defense that must be pleaded in a defendant's answer. *See* Fed. R. Civ. P. 8(c)(1). But like issue preclusion, the Court may raise claim preclusion on its own initiative. *See, e.g.*, *Scherer v. Equitable Assurance Soc'y of the United States*, 347 F.3d 394, 400 (2d Cir. 2003) ("It is well established law in this circuit that certain affirmative defenses, including res judicata, may be raised *sua sponte*.").

In *Mir II*, Plaintiff asserted claims against some of the California medical officials named in this action – Whitney, Levine, Kirchmeyer, and Mastyszewski. Whitney, Levine, and Kirchmeyer were members of the California Medical Board, and Mastyszewski was the prosecutor in Plaintiff's California medical disciplinary proceedings. *Mir II*, 2015 WL 1408891, at *7. Plaintiff brought claims against them in *Mir II* "based on their alleged involvement in the revocation of his medical license in New York." *Id.*[11] Judge Gardephe dismissed Plaintiff's claims against them, for failure to state a claim on which relief may be granted, because Plaintiff "pled no facts suggesting that [they] played a role in the New York license revocation proceeding against him." *Id.* at *18. The Second Circuit affirmed Judge Gardephe's decision. *See Mir*, 668 F. App'x 368.

Here, Plaintiff asserts claims that he previously raised in *Mir II*, or could have raised in that action, against Defendants Whitney, Kirchmeyer, Levine, Mastyszewski and other past and present California medical officials. Those claims include any arising from those California medical officials' actions in Plaintiff's California medical disciplinary proceedings, their enforcement of Plaintiff's California medical license's revocation, and their reporting that

---

[11] Judge Gardephe noted that while Plaintiff mentioned his California medical disciplinary proceedings in his *Mir II* amended complaint, Plaintiff emphasized that he was asserting claims against Defendants Whitney, Kirchmeyer, Levine, and Mastyszewski because of their alleged involvement in preventing him from practicing medicine in New York. *Mir II*, 2015 WL 1408891, at *7.

revocation to New York officials. Plaintiff's allegations that evidence was later revealed that may call into question the revocation of both his California and New York medical licenses does not change the fact that his claims in this action arise from the same events on which *Mir II* was based – the revocation of those licenses. Accordingly, the doctrine of claim preclusion prevents Plaintiff from asserting any claims against the California medical officials (or their successors) arising from their actions in Plaintiff's California medical disciplinary proceedings, their enforcement of Plaintiff's California medical license's revocation, and their reporting that revocation to New York officials. The Court therefore dismisses Plaintiff's federal claims against the California medical officials under the doctrine of claim preclusion for failure to state a claim on which relief may be granted.

C.     **Remaining federal claims**

The Court must dismiss the remaining federal claims as frivolous. Those claims include: (1) Plaintiff's remaining claims against any California Defendant, who is an individual who testified or otherwise gave evidence in Plaintiff's California medical disciplinary proceedings, (2) Plaintiff's claims under 42 U.S.C. § 1981, and (3) Plaintiff's claims of conspiracy under 42 U.S.C. § 1983 and § 1985(3), and his related claims under 42 U.S.C. § 1986.

The Court dismisses Plaintiff's federal claims against any remaining individual California Defendant who was not previously sued, but who testified or otherwise gave evidence in Plaintiff's California medical disciplinary proceedings because such a defendant is immune from suit for damages for such actions. *See Anghel*, 947 F. Supp.2d at 300 (absolute immunity extended to witnesses who testified at a New York administrative medical disciplinary proceeding); *Sprague v. Med. Bd. of Cal.*, No. 07-CV-1561, 2009 WL 10698417, at *6 (S.D. Cal. Mar. 30, 2009) (same extended to witness who testified at a California administrative medical disciplinary proceeding), *aff'd*, 402 F. App'x 275 (9th Cir. 2010) (unpublished opinion); *see also*

*Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989))).

The Court also dismisses any of Plaintiff's remaining claims that Plaintiff asserts under 42 U.S.C. § 1981, including any against private California Defendants who are his former employers – the private California hospitals – and his former supervisors and coworker at those hospitals. This is because he has alleged no facts suggesting that any of those defendants discriminated against him because of "his race, ancestry, or ethnic characteristics." *Zemsky v. City of New York*, 821 F.2d 148, 150 (2d Cir. 1987); *see also Duplan v. City of New York*, 888 F.3d 612, 21 (2d Cir. 2018) ("§ 1981 does not provide a separate private right of action against state actors").

The Court further dismisses Plaintiff's claims of conspiracy under 42 U.S.C. § 1983 and § 1985(3), as well as any related claims under 42 U.S.C. § 1986, against any of the defendants. Plaintiff fails to allege sufficient facts to suggest, for the purpose of any § 1983 conspiracy claims that he asserts, that there was "(1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages," *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999). He also fails to allege sufficient facts to suggest, for the purpose of any § 1985(3) conspiracy claims that he asserts, that there was: (1) a conspiracy; (2) for the purpose of depriving him of the equal protection of the laws, or the equal privileges or immunities under the laws; (3) an overt act in furtherance of the conspiracy; and (4) an injury to his person or property, or a deprivation of his rights or privileges as a citizen of the United States. *See Thomas v. Roach*, 165 F.3d 137, 146 (2d Cir. 1999). His allegations are vague and

unsupported and therefore do not state a claim of conspiracy under either § 1983 or § 1985(3). *See, e.g., Wang*, 356 F. App'x at 517. And if he cannot state a § 1985(3) conspiracy claim, he cannot state a related claim under § 1986. *Gagliardi v. Vill. of Pawling*, 18 F.3d 188, 194 (2d Cir. 1994).

**D.     State-law claims**

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction . . . ." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state-law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## CONCLUSION

The Court directs the Clerk of Court to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. The Court dismisses this action. The Court dismisses Plaintiff's federal claims for failure to state a claim on which relief may granted and as frivolous. The Court declines to consider Plaintiff's state-law claims. 28 U.S.C. § 1367(c)(3).

Because the Court dismisses *sua sponte* some of Plaintiff's claims for failure to state a claim, the Court grants Plaintiff leave to replead his claims in an amended complaint to be filed within thirty days of the date of this order. *See Wachtler*, 35 F.3d at 82. If Plaintiff fails to

15

comply within the time allowed, and he cannot show good cause to excuse such failure, the Court will enter a judgment dismissing this action for failure to state a claim and as frivolous.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court also directs the Clerk of Court to docket this order as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: November 1, 2019
        New York, New York

                                                       COLLEEN McMAHON
                                           Chief United States District Judge