UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEHAN ZEB MIR, MD,

                                        Plaintiff,

                -against-

HOWARD ZUCKER, M.D., Current
Commissioner N.Y. Department of Health-In
Individual & Official Capacity, et al.,

                                        Defendants.

1:19-CV-6374 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

On November 1, 2019, Chief Judge Colleen McMahon dismissed this *pro se* action, but granted Plaintiff, who has paid the relevant fees, leave to replead his claims in an amended complaint to be filed within 30 days. On December 4, 2019, Chief Judge McMahon granted Plaintiff a 45-day extension of time. Plaintiff filed his amended complaint on January 22, 2020, along with a "Memorandum in Support of Filing First Amended Complaint" ("memorandum"). (ECF 7 & 8.) On February 10, 2020, Plaintiff filed a consent to receive electronic service of Court documents (ECF 9), a motion for permission for electronic case filing (ECF 10), and a letter in which he requests to appear before the Court "before [it] takes any further adverse action" (ECF 11, at 2), which the Court construes as a request for oral argument. On March 31, 2020, this action was reassigned to the undersigned.

In his amended complaint, Plaintiff asserts claims under 42 U.S.C. § 1983 that the defendants violated his federal constitutional rights, as well as claims under state law.[1] He seeks damages and both preliminary and permanent injunctive relief.

_____

[1] Plaintiff asserts claims under state law under both the Court's diversity and supplemental jurisdiction. But because Plaintiff is a citizen of California, and sues other citizens of California, the parties are not diverse. *See* 28 U.S.C. § 1332(a). The Court therefore

In his memorandum, Plaintiff argues (1) "there is no immunity for performing 'ministerial acts' and in Section 1983 action for injunctive relief and under the Eleventh Amendment for violation of federal law," (2) the doctrine of issue preclusion does not apply to this action, and (3) the doctrine of claim preclusion does not apply to this action. (ECF 8, at 2.) For the reasons discussed below, the Court dismisses this action.

## STANDARD OF REVIEW

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the relevant fees, if it determines that the action is frivolous, *see Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000), or that the Court lacks subject-matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Courts can also dismiss a complaint, or portion thereof, for failure to state a claim on which relief may be granted after giving the plaintiff notice and an opportunity to be heard. *Wachtler v. Cnty. of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994). The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## BACKGROUND

### A.    The November 1, 2019 order

In her November 1, 2019 order, Chief Judge McMahon recounted Plaintiff's previous *pro se* civil actions in this Court in which he challenged California and New York officials' efforts to

---

understands Plaintiff's amended complaint as asserting claims under state law solely under the Court's supplemental jurisdiction. *See* 28 U.S.C. § 1367(a).

revoke his California and New York medical licenses; those actions are: (1) *Mir v. Shah*, 1:11-CV-5211 ("*Mir I*"), in which Plaintiff challenged his then-pending New York administrative medical disciplinary proceeding, and (2) *Mir v. Bogan*, No. 1:13-CV-9172 ("*Mir II*"), in which Plaintiff sought monetary relief from those California and New York officials who, by then, had revoked his California and New York medical licenses. (ECF 3, at 2-4.)

Chief Judge McMahon then dismissed, under the doctrine of issue preclusion, Plaintiff's federal claims in this action against the New York officials who either prosecuted Plaintiff in his New York medical disciplinary proceeding, presided over that proceeding, revoked his New York medical license in or about January 2013, or enforced that revocation. (*Id.* at 7-10.) She did so because previously, in *Mir II*, District Judge Paul G. Gardephe of this Court held that the New York officials were immune from suit, and Plaintiff was therefore precluded from suing those same defendants and relitigating the issue of their immunity in this action. (*See id.*) Chief Judge McMahon also held that even if issue preclusion did not bar Plaintiff's claims against the New York officials, she would still dismiss Plaintiff's § 1983 claims against them because, under the doctrine of absolute judicial immunity, they are immune from suit for damages and injunctive relief in their individual capacities, and under the doctrine of Eleventh Amendment immunity, they are immune from suit for damages in their official capacities. (*Id.* at 10 n.9.)

Chief Judge McMahon further dismissed, under the doctrine of claim preclusion, Plaintiff's federal claims in this action against those California officials whom Plaintiff sued in *Mir II*, and their successors, who were either involved in the medical disciplinary proceedings that resulted in the revocation of Plaintiff's California medical license, enforced the revocation, reported the revocation to New York officials, or have the authority to reinstate Plaintiff's California medical license. (*Id.* at 10-13.) She did so because Plaintiff was asserting, in this

action, claims that he either did assert or could have asserted against the California officials in *Mir II*, and because Judge Gardephe adjudicated Plaintiff's claims against those officials on the merits in *Mir II*. (*See id.* 12-13.)

In addition, Chief Judge McMahon dismissed, under the doctrine of absolute witness immunity, Plaintiff's remaining claims against any individual who testified or otherwise gave evidence in Plaintiff's California medical disciplinary proceedings. (*Id.* at 13-14.) She dismissed Plaintiff's claims under 42 U.S.C. § 1981 against any private entities because he failed to allege any facts suggesting that those entities had discriminated against him because of his race, ancestry, or ethnic characteristics. (*Id.* at 14.) And she dismissed Plaintiff's claims of conspiracy under 42 U.S.C. § 1983 and 42 U.S.C. § 1985(3), and his associated claims under 42 U.S.C. § 1986 because Plaintiff failed to allege sufficient facts to state those claims. (*See id.* at 14-15.)

Because Chief Judge McMahon dismissed all of Plaintiff's federal claims, she declined to exercise supplemental jurisdiction over his claims under state law. (*Id.* at 15.)[2]

Chief Judge McMahon dismissed this action in its entirety, but granted Plaintiff leave to replead his claims in an amended complaint. (*See id.* at 15-16.)

## B. The amended complaint and Plaintiff's legal arguments

Plaintiff names as defendants in his amended complaint some of the same individuals that he named in his original complaint (or the successors of those individuals) – the California and New York officials who either presided over or prosecuted Plaintiff's California or New York medical disciplinary proceedings, revoked Plaintiff's California and New York medical licenses, enforced either revocation, or reported the California revocation to New York officials and

---

[2] Plaintiff attempted to assert his claims under state law under the Court's diversity jurisdiction. But because he did not allege that the parties were diverse, the Court could only consider those claims under its supplemental jurisdiction. (*See* ECF 3, at 1 n.2.)

others, as well as individuals who either testified or gave other evidence during Plaintiff's California medical disciplinary proceedings, and his former employers (hospitals), supervisors, and coworkers.

Plaintiff seeks preliminary and permanent injunctive relief. He asks the Court to reinstate his California and New York medical licenses, and to enjoin the defendants who are California and New York medical officials from enforcing their revocations of those licenses. He also seeks damages. He asserts claims under 42 U.S.C. § 1983 that the defendants violated his federal constitutional rights. Plaintiff additionally purports to assert claims under 18 U.S.C. § 1851 (a statute addressing coal depredations) and states that the defendants have intentionally interfered with interstate commerce. (ECF 7, at 121-22.) He further asserts claims under state law.

Plaintiff alleges that the California and New York officials revoked his California and New York medical licenses without providing him notice or a hearing. He also alleges that newly discovered information will exonerate him and warrant the reinstatement of his California and New York medical licenses. He asserts that Chief Judge McMahon did not correctly apply the law when she dismissed this action. The Court can construe Plaintiff's amended complaint as asserting claims under 42 U.S.C. §§ 1983, 1985(3), and 1986, and under state law.

Plaintiff argues in his memorandum that the California and New York officials are not immune, under the Eleventh Amendment, from suit for his claims under § 1983, including his claims for injunctive relief. He specifically argues that the California officials are not immune from suit for his claims arising from those officials' acts of "falsely" reporting the revocation of his California medical license to "the National Data Bank" and to New York officials. (ECF 8, at 13-19.) He also specifically argues that the New York officials are not immune from suit for his claims arising from those officials' acts of "falsely" reporting the revocation of his New York

medical license to "the National Data Bank," and to California and Pennsylvania officials. (*Id.*) He further argues that the doctrines of issue preclusion and claim preclusion do not bar his claims in this action. (*Id.* at 19-30.)

## DISCUSSION

In his amended complaint, Plaintiff asserts the same claims that he asserted in his original complaint. His memorandum is essentially an attempt to seek reconsideration of Chief Judge McMahon's November 1, 2019 order. For the reasons discussed below, Plaintiff's legal arguments are without merit, and this action must be dismissed.

**A.      Plaintiff's claims against the New York officials**

In *Mir II*, Judge Gardephe dismissed Plaintiff's claims for damages against those New York officials who conducted Plaintiff's New York medical disciplinary proceeding, in their individual capacities, on the grounds that those defendants were protected by the doctrine of absolute judicial immunity. *See Mir II*, No. 13-CV-9172, 2015 WL 1408891, at *10-18 (S.D.N.Y. Mar. 26, 2015), *aff'd*, 668 F. App'x 369 (2d Cir. 2016) (summary order). In the present action, Chief Judge McMahon dismissed Plaintiff's claims against the New York officials as barred under the doctrine of issue preclusion, also known as collateral estoppel, because "Judge Gardephe's previous adjudication in *Mir II* that the New York Defendants (or their predecessors) are immune from suit from damages was an adjudication on the merits of that issue for the purpose of applying the doctrine of issue preclusion." (ECF 3, at 7-10.)

In his amended complaint, Plaintiff again names those New York officials (or their successors or predecessors), and in his memorandum, he argues that those defendants are not immune, and that the doctrine of issue preclusion does not bar him from relitigating the issue of their immunity. Specifically, he argues that in this action, the doctrine of issue preclusion does not apply to his claims for injunctive relief against the New York officials because in *Mir II*,

Judge Gardephe held that the New York officials were only immune from suit for damages. (*See* ECF 8, at 20-21.) He also argues that because Judge Gardephe did not give him a chance in *Mir II* to amend his complaint to seek injunctive relief against the New York officials, he was denied a full and fair proceeding in that action, and therefore, issue preclusion should not bar his claims for injunctive relief against the New York officials in this action. (*See id.* at 22.) He further argues that new information prevents issue preclusion from barring his claims against the New York officials. (*See id.* at 21-22.)

The New York officials are, however, immune from suit. And the doctrine of issue preclusion bars Plaintiff from relitigating the issue of their immunity.

**1.     Plaintiff cannot relitigate the issue of the New York officials' immunity from suit, no matter the relief he seeks in this action.**

Plaintiff argues that in this action, he can assert claims for injunctive relief against the New York officials because the only issue Judge Gardephe previously adjudicated on the merits in *Mir II* with respect to those officials was their immunity from suit for damages. (*See id.* at 20-21.) But the doctrine of issue preclusion bars Plaintiff from relitigating the issue of the New York officials' immunity from suit regardless of the relief Plaintiff seeks in this action.

Issue preclusion "bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (internal quotation marks and citation omitted); *see Tracy v. Freshwater*, 623 F.3d 90, 99 (2d Cir. 2010) ("Collateral estoppel precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party.") (internal quotation marks and citations omitted). Indeed, issue preclusion bars a party from relitigating an issue previously adjudicated, even if the relief the party is seeking in the present litigation is different than the

relief sought in the previous litigation. *See Baker by Thomas v. Gen. Motors Corp.*, 522 U.S. 222, 234 (1998) ("We see no reason why the preclusive effects of an adjudication on parties and those 'in privity' with them, *i.e.,* claim preclusion and issue preclusion (res judicata and collateral estoppel), should differ depending solely upon the type of relief sought in a civil action.") (footnote omitted); *see id*. at 233 n.5 ("an issue of fact or law, actually litigated and resolved by a valid final judgment, binds the parties in a subsequent action, whether on the same or a different claim").

In the present action, Plaintiff wants to relitigate the issue of the New York officials' immunity from suit, an issue that Judge Gardephe previously adjudicated in *Mir II*. Plaintiff believes he can do so, at least with respect to his claims against the New York officials for injunctive relief. But issue preclusion bars Plaintiff from relitigating the issue of the New York officials' immunity from suit, no matter the relief sought.

> **2.     Plaintiff cannot relitigate the issue of the New York officials' immunity from suit, even though he is aware of new information.**

Plaintiff also argues that new information allows him to relitigate the issue of the New York officials' immunity from suit. (*See* ECF 8, at 21-22.) He alleges that he learned in 2018, that in 2016, some of the California officials "admitted during discovery in another matter . . . , that there were no bases to revoke and [that they] denied [him] due process during the administrative hearing." (ECF 7, at 7, 111-12.) California officials reported that revocation to New York and Pennsylvania officials, as well as to "the National Data Bank." (*Id.* at 109.) New York officials then initiated disciplinary proceedings and ultimately revoked Plaintiff's New York medical license. (*See id.* at 109-10.)

But this new information has nothing to do with the New York officials' immunity from suit. It concerns whether those officials were correct in revoking Plaintiff's New York medical

license and enforcing that revocation. Thus, the new information does not allow Plaintiff to

relitigate the issue of the New York officials' immunity from suit. *Cf. Wilder v. Thomas*, 854

F.2d 605, 620 (2d Cir. 1988) (new evidence did not disturb the application of issue preclusion

(collateral estoppel) under New York law because, among other reasons, "[t]here is no new

evidence germane to the issue"); *see generally Mireles v. Waco*, 502 U.S. 9, 12-13 (1991) ("If

judicial immunity means anything, it means that a judge 'will not be deprived of immunity

because the action he took was in error . . . or was in excess of his authority.'") (citation

omitted).

### 3.     Plaintiff had a full and fair opportunity to litigate the issue of the New York officials' immunity from suit.

Plaintiff further argues that the Court "should conduct an examination of the record of

[the *Mir II*] proceeding, taking into account the pleadings, evidence, charge[s], and other relevant

matters," and not take Judge Gardephe's holding at face value. (ECF 8, at 23.) He specifically

argues that Judge Gardephe did not afford him a full and fair opportunity in *Mir II* to litigate the

issue of the New York officials' immunity from suit because Judge Gardephe did not allow him

leave to amend. (*Id.* at 22.)

Judge Gardephe made his decision about the issue of the New York officials' immunity

from suit in a memorandum opinion and order adjudicating the *Mir II* defendants' motions to

dismiss, *Mir II*, 2015 WL 1408891, and the Second Circuit affirmed that decision, *Mir*, 668 F.

App'x 368. Thus, Plaintiff had a full and fair opportunity to litigate this issue.[3] What Plaintiff

---

[3] Plaintiff litigated this issue in his opposition to the New York officials' motion to dismiss in *Mir II*. (*Mir II*, ECF 1:13-CV-9172, 51.) He also litigated this issue on appeal in the Second Circuit. (*Mir*, ECF 15-1433, 75, at 16 (Plaintiff's brief on appeal)); *Mir*, 668 F. App'x at 368-69 (noting that the Second Circuit applies de novo review "to the question of whether absolute immunity applies," and "affirm[ing] for substantially the same reasons stated by the district court"). While Judge Gardephe declined to grant Plaintiff leave to amend in *Mir II*, it was because "there [was] no reason to believe that the deficiencies in Mir's claims [could] be cured

asks for in this action is for the undersigned to reexamine the issue of the New York officials'

immunity from suit, that is, to second guess Judge Gardephe's and the Second Circuit's previous

adjudications on this issue. But that proposed relitigation of this issue is exactly what the

doctrine of issue preclusion prohibits. *See Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 288

(2d Cir. 2002) ("Collateral estoppel, or issue preclusion, prevents parties or their privies from

relitigating in a subsequent action an issue of fact or law that was fully and fairly litigated in a

prior proceeding."); *see also United States v. Mendoza*, 464 U.S. 154, 158 (1984) ("Under the

judicially-developed doctrine of collateral estoppel, once a court has decided an issue of fact or

law necessary to its judgment, that decision is conclusive in a subsequent suit based on a

different cause of action involving a party to the prior litigation. Collateral estoppel . . . serves to

'relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by

preventing inconsistent decisions, encourage reliance on adjudication.'") (citations and footnote

omitted).

**B.      The doctrine of claim preclusion bars Plaintiff's claims against the California officials.**

In *Mir II*, Judge Gardephe dismissed Plaintiff's claims against the California officials for

failure to state a claim on which relief may be granted. *Mir II*, 2015 WL 1408891, at *18-20. In

dismissing Plaintiff's claims in this action against the California officials, Chief Judge McMahon

held that:

> Plaintiff asserts claims that he previously raised in *Mir II*, or could have raised in
> that action, against . . . past and present California medical officials. Those claims
> include any arising from the California medical officials' actions in Plaintiff's
> California medical disciplinary proceedings, their enforcement of Plaintiff's
> California medical license's revocation, and their reporting that revocation to New
> York officials. Plaintiff's allegations that evidence was later revealed that may call

---

through re-pleading. Because the New York Defendants [were] entitled to absolute immunity,
leave to amend as to them would [have been] futile." *Mir II*, 2015 WL 1408891, at *20.

into question the revocation of both his California and New York medical licenses
does not change the fact that his claims in this action arise from the same events
on which *Mir II* was based – the revocation of those licenses.

(ECF 3, at 12-13.) She therefore dismissed Plaintiff's claims against the California officials in

this action under the doctrine of claim preclusion, also known as *res judicata*. (*Id.* at 13.)

In his amended complaint, Plaintiff asserts claims against the same California officials

that he named in *Mir II* (or their successors), arising from the same acts alleged in that action. In

his memorandum, he argues that the doctrine of claim preclusion does not bar his claims against

the California officials because (1) the new information allows him to assert claims against the

California officials, (2) *Mir II* was not dismissed on the merits, (3) he was not previously

afforded a full and fair opportunity to litigate his previous claims, and (4) "claim preclusion does

not apply due to [the California officials'] dissimilar capacities." (ECF 8, at 23-29.)

      **1.**      **Plaintiff's claims in *Mir II* against the California officials were adjudicated**
              **on the merits.**

Because Plaintiff's claims in *Mir II* against the California officials were dismissed for

failure to state a claim on which relief may be granted, those claims were dismissed on the merits

for the purpose of applying the doctrine of claim preclusion in a subsequent action. *See Garcia v.*

*Superintendent of Great Meadow Corr. Facility*, 841 F.3d 581, 583 (2d Cir. 2016).

      **2.**      **Plaintiff had a full and fair opportunity to litigate his claims against the**
              **California officials in *Mir II*.**

Plaintiff has already had a full and fair opportunity to litigate his claims against the

California officials, first, in the district court, in opposing the *Mir II* defendants' motions to

dismiss (*see Mir II*, ECF 1:13-CV-9172, 52, 66), and second, in his appeal to the Second Circuit

(ECF 15-1433, at 75 (Plaintiff's brief on appeal)); *see Mir*, 668 F. App'x at 368-69.

11

**3.    Claim preclusion bars Plaintiff's claims against the California officials that he previously raised or could have raised.**

Claim preclusion bars a plaintiff from asserting claims that the plaintiff previously asserted, or *could have asserted*, against the defendants or their privies, when the original claims were dismissed on the merits. *See Marcel Fashions Grp., Inc. v. Lucky Brand Dungarees, Inc.*, 898 F.3d 232, 237 (2d Cir. 2018), *cert. granted*, 139 S. Ct. 2777 (June 28, 2019). In *Mir II*, Plaintiff asserted claims for damages against the New York and California officials in their individual capacities. *Mir II*, 2015 WL 1408891, at *1. He argues in his memorandum that because in this action, he asserts claims against the California officials in their official capacities, but did not do so in *Mir II*, claim preclusion does not bar his claims against the California officials in this action. (ECF 8, at 29-30.)

But in *Mir II*, he could have asserted claims against the California officials in their official capacities arising from their actions in the California medical disciplinary proceedings and their revocation of his California medical license. *See Pike v. Freeman*, 266 F.3d 78, 91 (2d Cir. 2001) ("Whether a claim that was not raised in the previous action could have been raised therein 'depends in part on whether the same transaction or connected series of transactions is at issue, and whether the same evidence is needed to support both claims.'") (citation omitted). The fact that he did not do so does not prevent claim preclusion. *See Brown Media Corp. v. K&L Gates, LLP*, 854 F.3d 150, 157 (2d Cir. 2017) ("A party cannot avoid the preclusive effect of [claim preclusion] by asserting a new theory or a different remedy.") (internal quotation marks and citation omitted); *Johnson v. Ashcroft*, 378 F.3d 164, 172 n.10 (2d Cir. 2004) ("[I]t is no answer to a claim of [claim preclusion] . . . that no decision was reached previously on the newly-asserted claims."); *cf. Diaz v. Moore*, 861 F. Supp. 1041, 1047 (N.D. Fla. 1994) (court not persuaded that the plaintiff's previous claims against officials or their privies in their official

capacities did not bar, under *res judicata*, the plaintiff's present claims against those officials in their individual capacities because the plaintiff could have asserted those claims in the previous action).

> **4.    Claim preclusion applies, even if Plaintiff asserts that he has new information.**

Claim preclusion "applies even where new claims are based on newly discovered evidence, unless 'the evidence was either fraudulently concealed or it could not have been discovered with due diligence.'" *L-Tec Elecs. Corp. v. Cougar Elec. Org., Inc.*, 198 F.3d 85, 88 (2d Cir. 1999) (quoting *Saud v. Bank of New York*, 929 F.2d 916, 920 (2d Cir. 1991)).

Plaintiff alleges that his claims are "based on newly discovered evidence . . . [that] completely exonerates Plaintiff of any wrongdoing [that] resulted in [the] revocation of his medical license" by California officials. (ECF 8, at 24.) He also alleges that "[t]his evidence was not available or known to [him] to support a Claim for Injunctive Relief when [the] *Mir II* Complaint was filed." (*Id.*) But he does not allege that the California officials fraudulently concealed the new information or that he could not have discovered it with due diligence. Accordingly, Plaintiff's claims against the California officials are barred under the doctrine of claim preclusion.

> **C.    Claim preclusion also prevents Plaintiff from asserting any other claims against the New York officials.**

Plaintiff seems to argue that the New York officials are not immune under the Eleventh Amendment from suit under § 1983 for his claims arising from their "ministerial acts." (ECF 8, at 13-18.) But his claims in *Mir II* against the New York officials were dismissed under the doctrine of absolute immunity, *Mir II*, 2015 WL 1408891, at *10-18, which is considered a determination on the merits, *see, e.g., Wang v. Miller*, 356 F. App'x 516, 517 (2d Cir. 2009) (summary order); *Morgan v. Perez*, No. 18-CV-2994, 2018 WL 6313183, at *2 (E.D.N.Y. Nov.

30, 2018). And it is clear that if he did not assert claims arising from their "ministerial acts" in *Mir II*, he could have done so. *See Pike*, 266 F.3d at 91. Thus, even if issue preclusion did not bar relitigation of the issue of the New York officials' immunity from suit, the doctrine of claim preclusion bars Plaintiff from asserting claims in this action against those officials arising from the revocation of his New York medical license and the enforcement of that revocation, including any claims arising from their "ministerial acts." *See Brown Media Corp.*, 854 F.3d at 157. Thus, there is no need to discuss those officials' immunity from suit under the Eleventh Amendment.

### D.    Claims under state law

A district court may decline to exercise supplemental jurisdiction over claims under state law when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction . . . ." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the claims over which the Court has original jurisdiction – Plaintiff's claims under federal law – the Court declines to exercise its supplemental jurisdiction over any claims under state law Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

### E.    Warning

In the November 1, 2019 order, Chief Judge McMahon recounted Plaintiff's previous unsuccessful attempts to have this Court (1) intervene in Plaintiff's then-pending New York medical disciplinary proceeding (*Mir I*), and later, (2) grant him monetary relief against the

California and New York officials who, by then, had revoked his medical licenses (*Mir II*). (ECF 3, at 2-4.) The present action constitutes Plaintiff's third attempt to have this Court call into question the California and New York medical disciplinary proceedings and the resultant medical-license revocations.

Plaintiff is, of course, entitled to appeal this order of dismissal. But while it remains in effect, he is not entitled to begin new litigation challenging the immunity of the defendants from the claims he asserts.

Accordingly, the Court warns Plaintiff that if he files another civil action in this Court arising from the administrative proceedings that resulted in the revocation of his California or New York medical licenses, the revocation of either of those licenses, or the enforcement of either of those revocations, the Court may issue an order barring him from filing any future civil action in this Court arising from those events without first obtaining from the Court leave to file. *See* 28 U.S.C. § 1651.

## CONCLUSION

Plaintiff has consented to electronic service of Court documents. (ECF 9.)

The Court grants Plaintiff's motion for permission for electronic case filing. (ECF 10.)

The Court dismisses this action.

Because Plaintiff asserts in his amended complaint the same claims that he asserted in his original complaint, the Court dismisses his federal claims for failure to state a claim on which relief may be granted and as frivolous.

The Court declines to consider, under its supplemental jurisdiction, any of Plaintiff's claims brought under state law. 28 U.S.C. § 1367(c)(3).

The Court therefore denies all other pending requests as moot. (ECF 11.)

SO ORDERED.

Dated:   April 28, 2020
          New York, New York

                                        _Louis L. Stanton_
                                         Louis L. Stanton
                                            U.S.D.J.